IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-18-H
5:13-CV-329-H

| | |
|---|---|
| SERGIO RENE RAMIREZ-MORAZAN, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on May 6, 2013.[1] The government has moved to dismiss the motion for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and the Petitioner responded. On September 25, 2013, Petitioner filed an additional motion for Rule 11 sanctions or, alternatively, entry of default judgment. These matters were referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that Petitioner's motions be denied and the government's motion be granted.

## STATEMENT OF THE CASE

On March 2, 2011, Petitioner pleaded guilty to one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2). On June 15, 2011, the court sentenced Petitioner to a 46-month term of imprisonment. Petitioner appealed his sentence, and the Fourth Circuit affirmed the judgment of the district court on January 8, 2013. *United States v. Ramirez-Morazan*, No. 11-

---

[1] A corrected motion to vacate was filed on the proper form on May 24, 2013.

4653 (4th Cir. Jan. 8, 2013). Petitioner did not petition for certiorari to the Supreme Court, and his time for doing so expired on April 29, 2013. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts three arguments in support of his § 2255 motion. First, Petitioner argues ineffective assistance of counsel in that (1) his attorney did not object to the imposition of a 16-level enhancement under § 2L1.2 of the *U.S. Sentencing Guidelines Manual*, and (2) that his attorney misadvised him that he would receive the benefit of the "fast-track" program if he pleaded guilty. Petitioner also asserts that his sentence is unreasonable based on the disparity between his sentence and sentences imposed under the "fast-track" program. Thus, he requests that this court vacate his sentence or remand his case for resentencing.

To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

2

Addressing Petitioner's first contention that his attorney was ineffective, Petitioner maintains that he should have received a 12-level enhancement instead of a 16-level enhancement under § 2L1.2 because he received no criminal history points for a 1991 conviction for possession of marijuana for sale in Los Angeles County Superior Court in Los Angeles, California. Petitioner seems to be citing a more current version of § 2L1.2 requiring that a conviction result in criminal history points before the 16-level enhancement may be applied. *See U.S. Sentencing Guidelines Manual* § 2L1.2 (November 2011) (being the first edition of the *U.S. Sentencing Guidelines Manual* to include the phrasing requiring that criminal history points be given for an offense before a defendant may receive a 16-level enhancement). This amendment was not effective until November 2011, and Petitioner was sentenced on June 15, 2011. The sentencing guidelines in effect at the time of Petitioner's sentencing read, "If the defendant previously was deported or unlawfully remained in the United States, after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . , increase by 16 levels . . . ." *U.S. Sentencing Guidelines Manual* § 2L1.2(b)(1)(A) (November 2010). Petitioner was sentenced to two years in custody for his 1991 conviction and was previously deported in 2002. Because Petitioner was previously sentenced to more than 13 months for a drug trafficking charge and was thereafter deported, under the sentencing guidelines in effect at the time of his sentencing, the application of a 16-level enhancement was appropriate. Thus, Petitioner's attorney was not ineffective for not objecting to an enhancement that was correctly applied.

Petitioner next argues that his attorney was ineffective by misadvising Petitioner that if he pleaded guilty at the arraignment, Petitioner would receive the benefit of the "fast-track" program. The "fast-track" program is a program which districts experiencing high caseloads as a

3

result of immigration violations employ to preserve resources. *United States v. Perez-Pena*, 453 F.3d 236, 238 (4th Cir. 2006). Prosecutors seek pre-indictment pleas "by offering defendants lower sentences through charge-bargaining or through motions for downward departure." *Id.* No "fast-track" program has been approved for use in the Eastern District of North Carolina, and Petitioner is, therefore, not entitled to any downward departure pursuant to U.S.S.G. § 5K3.1.

Petitioner's claim that his attorney was ineffective in misadvising him concerning sentencing fails. Misinformation concerning sentencing does not satisfy the prejudice requirement where the record demonstrates that the petitioner was correctly advised of the maximum punishment applicable and he pleads guilty based on that information. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (holding that there was no prejudice resulting from counsel's misinformation where the court properly informed the defendant of the potential sentence faced).

At Petitioner's Rule 11 hearing the following colloquy took place between the court and Petitioner:

> [THE COURT:] Gentlemen, it's important that you understand that the United States Sentencing Commission has established advisory sentencing guideline ranges for all federal crimes. By virtue of the Supreme Court case of *United States v. Booker* Senior Judge Howard is no longer required to specifically follow those guideline ranges when imposing sentence. He is however required to calculate the applicable advisory sentencing guideline range for your offense or offenses. He is then free to consider that applicable advisory guideline range as well as any other relevant factors set forth in the sentencing statute before he imposes sentence.
>
> Although Judge Howard is now permitted to include as a sentence which is outside of the advisory sentencing guideline range, if he does so, he is required to include on the record at the time of your sentencing his reasons or rationale for imposing such a sentence.
>
> . . . .

4

> [THE COURT:] . . . . Did you hear and understand my explanation of your rights this morning, including how you might be sentenced?
>
> [THE DEFENDANT:] Yes. Correct.
>
> . . . .
>
> [THE COURT:] Now the maximum statutory punishment you might receive were you to plead guilty or be found guilty of that serious charge is up to twenty years' imprisonment, up to a $250,000.00 fine or both such fine and imprisonment; up to three years of supervised release following any imprisonment; the possibility of up to two additional years' imprisonment if your supervised release were to be revoked; the required $100.00 special assessment; and restitution to the extent restitution is deemed applicable.
>
> Mr. Ramirez-Morazan do you understand the charge against you, and those maximum punishments you might receive, including up to twenty years' imprisonment?
>
> [THE DEFENDANT:] Yes, Your Honor.
>
> . . . .
>
> [THE COURT:] Mr. Ramirez-Morazan, has anyone threatened you or tried to force you in any way to get you to plead guilty to that serious charge?
>
> [THE DEFENDANT:] No.

(Rule 11 Tr. [DE #30] at 7-16.)

When sentenced, Petitioner received 46-months' imprisonment. This was at the very bottom of his guideline range. Assuming Petitioner's attorney misadvised him, Petitioner was not prejudiced because he was properly advised of the maximum sentence he could receive, his plea was not coerced, and he pled guilty with full knowledge that he could receive an active term of imprisonment of twenty years. Thus, Petitioner has not demonstrated prejudice as required under *Strickland* and *Hill*, and his ineffective assistance of counsel claims should be denied.

Apart from Petitioner's ineffective assistance of counsel claims, Petitioner makes the additional argument that his sentence is unreasonable due to the sentencing disparities between

districts with "fast-track" programs and those without. The government argues that Petitioner is simply trying to re-litigate the substance of his appeal. However, assuming this is not the case, Petitioner has procedurally defaulted on this claim. Petitioner's appeal was based on the contention that "the district court committed procedural error in allegedly stating that it lacked authority to impose a lower sentence under 18 U.S.C. § 3553(a), on the basis that the district in which he was sentenced did not have a 'fast track' sentencing program." *United States v. Ramirez-Morazan*, 503 Fed. App'x 231, 231-32 (4th Cir. 2013). On appeal, Petitioner did not raise the issue that his sentence was unreasonable due to the inapplicability of the "fast-track" program. Moreover, Petitioner has not shown cause or prejudice or a fundamental miscarriage of justice excusing his procedural default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is actually innocent.); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (explaining that where petitioner did not raise issues on direct appeal, he was barred from later addressing those issues on collateral review). Thus, Petitioner is precluded from bringing the claim in a § 2255 motion.

Additionally, Petitioner has included a motion to impose Rule 11 sanctions or, in the alternative, grant default judgment due to the government's three requests for extension of time to respond to Petitioner's § 2255 motion. A motion for Rule 11 sanctions and a motion for entry of a default judgment exist under the Federal Rules of Civil Procedure and are not applicable in the context of a § 2255 motion. Thus, Petitioner's motions should be denied.

6

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss be GRANTED and Petitioner's motion to vacate, motion for Rule 11 sanctions, and motion for default judgment be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 11th day of April 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge